Houghton v. Potter.

CHARLES P. HOUGHTON v. FRANCIS N. POTTER AND OTHERS

1. If a defendant in an unlawful detainer appears and requests an adjournment, and allows part of the jurors to be sworn without objection, he cannot object to a defect in the service of the summons: any defect is cured by such appearance.

2. It is no cause for reversing a judgment in unlawful detainer that the justice omitted to enter in his docket that objections were made to evidence offered. This part of the statute is directory only, and an omission to comply with it does not vitiate the proceedings and judgment.

3. Technical nicety is not required in the state of demand in unlawful detainer; it is sufficient if a substantial cause of action appear.

This was a *certiorari* to remove the judgment and proceedings in an unlawful detainer, brought before Peter P. Runyon, esquire, one of the justices of the county of Middlesex, by the defendants in *certiorari* against the plaintiff in *certiorari*, in which judgment was given against the latter. The facts of the case and the errors alleged appear in the opinion of the court.

Argued in the branch court, before Justices ELMER and RANDOLPH.

*Speer*, for plaintiff in *certiorari; J. J. Chetwood*, for defendants in *certiorari*.

ELMER, J. The plaintiff in this *certiorari* seeks to reverse the judgment of the justice, on the ground that the summons was not lawfully served, and that the sheriff made no legal return to it. This seems to be true in point of fact. But it appears, by the justice's docket, that the defendant appeared and filed a plea, without in any way questioning the service and return of the summons, and then moved to postpone the trial to a future day, which motion the justice overruled. After several of the jurors had been sworn, the defendant for the first time objected to the service and return of the process. Under these circumstances, I think the defendant must be held to have waived all objections to the process. It is admitted by his counsel that this would be so in an ordinary action; but it is insisted that the ninth section of the statute *Rev. Stat.* 79, which declares that no jury shall be sworn unless the legal notice has been given, prescribes a different rule, and makes a service of the summons six entire days before the day of appearance essential to the jurisdiction of the justice. I think this section means only that the jury shall not be sworn against the party's consent, unless he has been duly notified. Had he

come into court, and expressly consented to waive any irregularity in the service of the process, that being a matter entirely personal and for his own benefit, he ought not afterwards to be allowed to raise the objection; and I think he actually did what was equivalent to such consent. Certainly the defendant could not have been permitted to go on and take the chance of a verdict without objection, and then turn round, if it happened to be against him, and defeat the whole proceeding for a defect which he thought proper to waive for his own convenience. If he could not do this, the regular service of a process is not essential to the jurisdiction of the justice in this proceeding or any other.

Another reason assigned for the reversal of this judgment is, that the justice did not enter in his docket that the defendant, Houghton, objected to the admission in evidence of certain notices. The docket states that these notices were offered in evidence, but does not state that any objection was made to them. By an amended return, the justice certified that they were objected to on the part of the defendant, and by him received. No complaint is made that they were incompetent evidence, but simply that an unfounded objection to them was not recorded. I do not think the omission to record this objection is such an error as requires us to reverse the judgment. This court held, in the case of *Snediker* v. *Quick*, 1 *Green* 306, that the omission to record the reasons for rejecting certain evidence which was overruled was a fatal error, and reversed the judgment; but the legislature soon revised the act, and omitted the clause requiring so great particularity. In that case the docket itself showed the error, but in the case now before us the docket itself shows no error. It is only by the amended return that the alleged defect appears, and this amended return itself contains all that it is insisted ought to have been originally stated, so that the same return which discloses the defect supplies it, and for all the purposes of justice cures it. The fifty-sixth section of the act constituting courts for the trial of small causes, *Rev. Stat.* 245, requires the justice to record in his docket " the admission of evidence objected to, and the rejection of evidence offered," in the same

words as the act concerning forcible entries and detainers, now relied on. But it has never been held that the omission to do so is fatal to the judgment; on the contrary, it is every day practice to supply the omission by an amended return, and to act upon the return as amended as if the docket had been originally so entered. In the case of *English* v. *Bonham*, 2 *Harr.* 350, it was held, and I think correctly, that although the act requires the justice to enter in his docket the time when the state of demand was filed, the names of the witnesses and other matters which are not essential to a record, it must be considered, as to these matters, as directory only, and that the omission to state when the state of demand was filed, was not such a defect as would be sufficient to set aside the proceedings. The principle of that case is applicable to this, and I see no reason for holding a stricter rule in the construction of· the one act than of the other. They are both remedial acts, and both should be construed according to the principles of sound reason and common sense; and such was the opinion of this court in the case of *Townly* v. *Rutan*, *Spenc. R.* 604, and of the Court of Errors in the same case, 1 *Zab.* 674.

The only other reason insisted on is, that the complaint is not sufficient. It is urged that it does not explicitly appear thereby that the defendant, Charles P. Houghton, went into possession by collusion with the tenant. This, I think, is substantially stated. In the case of *Townly* v. *Rutan*, it was held by the Court of Errors that a complaint in this kind of proceeding should not be treated as a technical pleading, but as a part of a summary proceeding, which will be held sufficient if the requirements of the statute are substantially complied with. The object of the statute was to give a summary and easy remedy to a landlord whose possession was unlawfully detained from him ; and to require of him the utmost nicety of proceeding, would be to defeat, instead of furthering the intention of the legislature. In my opinion, the judgment ought to be affirmed.

RANDOLPH, J., concurred.

Let the judgment be affirmed.

AFFIRMED, 4 *Zab.* 735.